Filed 5/18/26  P. v. Proby CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>WILLIAM DEON PROBY,<br><br>      Defendant and Appellant. | C103325<br><br>(Super. Ct. No. 94F08352) |

In 1996, a jury found defendant William Deon Proby guilty of eight counts of robbery (Pen. Code, § 211),[1] five counts of assault with a firearm (§ 245, subd. (a)(2)), joyriding (§ 449, subd. (b)), first degree murder (§ 187, subd. (a)), being a felon in possession of a firearm (former § 12021, subd. (a)),[2] and recklessly evading a peace officer (Veh. Code, § 2800.2).  The trial court found true several enhancements, including two prior prison term enhancements (§ 667.5, subd. (b)).  The trial court sentenced defendant to 38 years in state prison, plus life without the possibility of parole.

---

[1] Further undesignated statutory references are to the Penal Code.

[2] Section 12021, subdivision (a) has since been renumbered without substantive change to section 29800, subdivision (a).

1

In 2025, the trial court resentenced defendant pursuant to section 1172.75—striking the two prior prison term enhancements—and otherwise reimposed the prior judgment, including a $10,000 restitution fine (§ 1202.4). Defendant appeals, arguing the trial court erred by reimposing the restitution fine and asserts it must be vacated under section 1465.9, subdivision (d). We agree and order the restitution fine vacated. As modified, the judgment is affirmed.

## I.  BACKGROUND

Defendant and his friend, co-defendant Sean Vines, committed multiple robberies at different locations of a chain restaurant. Co-defendant shot and killed an employee during one of the robberies. (*People v. Proby* (1998) 60 Cal.App.4th 922, 925-926.) During a subsequent high-speed chase, defendant rammed a police car and injured an officer. (*Id*. at p. 926.)

A jury found defendant guilty of eight counts of robbery (§ 211—counts one through four and eleven through fourteen), five counts of assault with a firearm (§ 245, subd. (a)(2)—counts five through eight and fifteen), joyriding (§ 449, subd. (b)—count nine), first degree murder (§ 187, subd. (a)—count ten), being a felon in possession of a firearm (former § 12021, subd. (a)—count sixteen), and recklessly evading a peace officer (Veh. Code, § 2800.2—count seventeen).[3] The jury found true numerous arming enhancements and a robbery special circumstance as to the murder conviction. The trial court found true defendant's prior conviction enhancements (§§ 667, subd. (a), 667.5, subd. (b)). The trial court sentenced defendant to a total determinate term of 38 years in state prison, including one-year sentences for both prior prison term enhancements under section 667.5, subdivision (b), plus life without the possibility of parole, and imposed a $10,000 restitution fine (§ 1202.4).

---

[3]  The jury found defendant not guilty of vehicle theft (Veh. Code, § 10851, subd. (a)—count nine).

2

In 2024, the trial court informed the parties that the Department of Corrections and Rehabilitation identified defendant as eligible for resentencing under section 1172.75 to strike his section 667.5, subdivision (b) prior prison term enhancements. At the resentencing hearing, the trial court recalled defendant's sentence, struck the two 1-year prior prison term enhancements, and otherwise reimposed the original sentence for a total determinate term of 36 years in state prison, plus life without the possibility of parole. The trial court stated, "All other terms of the prior judgment remain unchanged and are reimposed exactly as previously ordered."

Defendant filed a timely notice of appeal.

## II. DISCUSSION

Defendant contends the trial court erred by reimposing the $10,000 restitution fine (§ 1202.4). He argues the balance of the restitution fine should be vacated under section 1465.9, subdivision (d) because more than 10 years have passed since its original imposition. The People agree, as do we.

Section 1465.9, subdivision (d) provides: "Upon the expiration of 10 years after the date of imposition of a restitution fine pursuant to Section 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated." Resentencing does not reset the 10-year expiration of a section 1202.4 restitution fine. (*People v. Salstrom* (2025) 117 Cal.App.5th 596, 600-601, review granted Mar. 11, 2026, S295038.)

At the initial sentencing hearing in 1996, the trial court imposed the restitution fine. Over 10 years later, at the 2025 section 1172.75 resentencing hearing, the trial court struck the two 1-year prior prison enhancements and otherwise reimposed the initial sentence and judgment by its original terms, including the $10,000 restitution fine. Because more than 10 years have passed since the original imposition of the restitution fine, it must be vacated under section 1465.9, subdivision (d). Accordingly, we vacate the restitution fine.

## III. DISPOSITION

The judgment is modified to vacate the $10,000 restitution fine imposed pursuant to section 1202.4, subdivision (b).  As modified, the judgment is affirmed.  The trial court shall prepare an amended abstract of judgment reflecting that the restitution fine has been vacated.  The trial court shall then forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

/S/
RENNER, J.

We concur:

/S/
MAURO, Acting P. J.

/S/
FEINBERG, J.

4